Burket, J.,
(dissenting).
I base my dissent in all of these cases upon the following considerations;
These cases, with others, were brought here for the purpose of having this court again consider the principles of the Haviland case, and if possible overrule that case, and therefore I feel at liberty to here consider the question anew.
In that case I contended, and I now contend, that the matter of assessments upon corner lots for street improvements is governed alone by the constitution and statutes on that subject. That there is no statute warranting the rule of the Haviland case, and that corner lots are liable to be assessed by the foot front on their entire length and breadth, subject to the restriction that the assessment can not exceed the amount of the special benefit, as was held in the Chamberlain case, 34 Ohio St., 551, and also subject to the restriction of section 2283, Revised Statutes, as to double assessments within a period of five years, and subject further to the twenty-five per centum limitation, when that limitation is applicable, subject still further to such other limitations in special cases as are provided by statute.
The majority having again affirmed the principles of the Haviland case, the question must be regarded *467 as settled, and to be followed by this, as well as the lower courts, unless changed by the general assembly as to future assessments.